**Billy G. BECKETT and American Family Mutual Insurance Company, Inc., Plaintiffs,**

**v.**

**DEPARTMENT OF SOCIAL SERVICES, DIVISION OF MEDICAL SERVICES, Defendant/Appellant,**

**and**

**Blessing Hospital of Quincy, Illinois, Defendant/Respondent.**

**No. 71331.**

Missouri Court of Appeals, Eastern District, Division Three.

July 8, 1997.

Don Willoh, Jefferson City, for defendant/appellant.

Michael A. Bickhaus, Quincy, IL, for defendant/respondent.

CRAHAN, Presiding Judge.

The Missouri Department of Social Services, Division of Medical Services ("DMS") appeals the judgment in an interpleader action awarding Blessing Hospital of Quincy, Illinois ("Hospital") $14,847.66 on its asserted lien for medical services rendered. On appeal, DMS contends the $14,847.66 awarded to Hospital should have been awarded to DMS because its lien for the reimbursement of Medicaid funding took priority over Hospital's lien. We reverse and remand.

On September 30, 1994, Driver was involved in a one-car accident. Victim was a passenger in the car. Driver's insurer, American Family Mutual Insurance Compa-

---

ny, Inc., ("American Family") filed a petition in interpleader. Victim was awarded $75,-000.00 of the interpleader funds, subject to liens asserted by DMS in the amount of $150,299.43 and Hospital in the amount of $42,097.73. The trial court divided Victim's award between DMS and Hospital based on the proportionate size of their liens, 80% and 20% respectively. On appeal, DMS argues that it should have been awarded the entire $75,000.00 because its lien takes priority over Hospital's lien.

Our review of this court-tried case is governed by the standards articulated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, the judgment is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

The lien statute relied on by Hospital, Section 430.230 RSMo 1994 [1], provides in relevant part:

> Every public hospital or clinic, and every privately maintained hospital, clinic or other institution for the care of the sick, which is supported in whole or in part by charity, located within the state of Missouri, or any such hospital duly incorporated under the laws of Missouri providing for the incorporation of eleemosynary institutions, shall have a lien upon. . . .

According the language used in the statute its plain and ordinary meaning, it is apparent that in order to qualify for a lien pursuant to Section 430.230, a hospital must either be located in Missouri or duly incorporated under the laws of Missouri. The briefs originally presented by the parties did not address whether Hospital met either of these requirements of Section 430.230, nor could this be determined from the original legal file. We therefore directed the parties to supplement the record on appeal and to file

supplemental briefs addressing Hospital's eligibility for a lien pursuant to Section 430.230.

The supplemental record discloses that Hospital is located in [2] and duly incorporated under the laws of Illinois. Therefore, we find that Hospital does not meet the requirements of Section 430.230 and was not entitled to assert a lien against Victim's award. The judgment of the trial court is reversed and the cause is remanded for entry of judgment in favor of DMS in the amount of $75,000.00.

GRIMM and HOFF, JJ., concur.

---

1. All future statutory references are to RSMo 1994.

2. Although it does not claim any of the services at issue were rendered there, Hospital alleges in its supplemental brief that it has a renal dialysis clinic located in Hannibal, Missouri and therefore Hospital is located in Missouri for purposes

of Section 430.230. The record, however, does not indicate that Hospital has any facilities in Missouri. Accordingly, we do not reach or decide the issue of whether an out-of-state hospital's maintenance of a clinic in Missouri which did not participate in the rendition of services satisfies the requirements of Section 430.230.